UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOREEN R. JACKSON- BEARDEN | : |
| 437 Dayton Street | : |
| Phoenixville PA 19460 | : |
|     PLAINTIFF | : NO. |
|     v. | : |
| NEW HEALTHWORKS, INC. | : |
| 515 Old Swede Road, Suite C-1 | : CIVIL ACTION |
| Douglasville PA 19518 | : |
|     DEFENDANT | : |

**COMPLAINT AND JURY DEMAND**

**I.    PARTIES**

1.    The Plaintiff is Doreen R. Jackson-Bearden, an African American female who resides at 437 Dayton Street, Phoenixville PA 19460.

2    The Defendant is New Healthworks, LLC, is a duly authorized legal entity doing business in the Commonwealth of Pennsylvania at 515 Old Swede Road, Suite C 1 Douglasville PA 19518.

3.    At all relevant times herein, the actions complained of – leading up to and culminating in plaintiff's unlawful and discriminatory discharge– were undertaken and performed by officers and/or employees of Defendant, either alone or in conjunction, concert, and agreement with other officers and/or employees of Defendant.

4.    At all times relevant hereto, Defendant acted through its agents, servants, and employees, who were authorized and acting within the scope of their and within the course  and scope of their authority, agency or employment .

5.    This action is brought under Title VII of the Civil Rights Act of 1964, 42

1

U.S.C. § 2000(e), *et seq.*, as amended ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

6.      This Court has subject matter jurisdiction over the ADEA claims pursuant to 29 U.S.C. § 626(c) (1) and 28 U.S.C. § 1331 (Federal Question).  This Court has pendent jurisdiction over the state law claims .

7.      At all relevant  times herein,  defendant  Patriot was Plaintiff's employer within the meaning of the ADEA, 29 U.S.C. § 621 *et. seq.*, more specifically, 29 U.S.C.§ 630(b), as well as within the meaning of the PHRA, 43 P.S. § 951 *et. seq.*, more specifically, 43 P.S. secs. 953 and 954(b).  At all times relevant herein, defendants were plaintiff's employer(s) within the meaning of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.2a.

8.      All conditions precedent to the institution of this suit have been fulfilled. The Plaintiff cross-filed a proper verified Complaint with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission and have exhausted the requisite administrative remedies before those agencies prior to timely filing this action. On April 8, 2026, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission. This action has been filed within ninety (90) days of receipt of said notice. **Exhibit "A"**

**II.     UNDERLYING FACTS**

**A.      PLAINTIFF'S EMPLOYMENT AND AGE**

9.      Plaintiff was hired by Defendant on or about May 16, 2016 at age 58 as Director of Clinical & Professional Development.

10.     Plaintiff was fully qualified, held a B.S. in Nursing and a MBA with a specialty in Health Admistration and led Defendant's education division for eight years.

11.     Defendant performed well and was promoted to V.P. of Education & Professional Development.  In this role she attained and was the administrator for the National League for Nursing Commission for Nursing Education Accreditation (For this role, a Master's Degree was required.

12.     Plaintiff's salary increased by 2024 and she was awarded 57,847 stock options in May 2024 (vesting over 4 years)

**B.     DEFENDANT'S COORDINATED REMOVAL OF OLDER EXECUTIVES**

13.     In late 2024, Defendant approached Plaintiff and another female over 60, Jackie Kuboda, V.P. Operations and told them that they were eliminating their positions and that they should retire.

14.     Plaintiff did not initiate retirement discussions.

15.     Before Plaitniff knew it, Defendant had drafted a company-wide retirement announcement and pressured Plaintiff to approve it and to present her termination as a "retirement."

16.     Defendant's Position Statement to the EEOC admits it drafted the announcement before Plaintiff "confirmed" any retirement. Defendant's own documents show a top-down decision to remove Plaintiff and present it as retirement.

17.     Defendant then required Plaintiff to work full-time in August, part-time in September, and per-diem from October through December 2024.

18.     In exchange for Plaintiff continuing to work, Defendant promised Plaintiff a $10,000 bonus.

19.     Plaintiff completed all required work through December 2024.

20.     Defendant then terminated Plaintiff and Kuboda, two Vice Presidents over age 60 within one week.

21.     Defendant reassigned both women's duties to younger employees. Defendant's Position Statement admits that Plaintiff's successor was 54 years old, more than a decade younger.

22.     Defendant also admitted that Plaintiff's successor did not yet possess the required master's degree at the time she assumed Plaintiff's duties despite requiring Plaintiff to have a Master's Degree.

23.     Defendant claimed that Plaintiff's position was "reshuffled" to a director level, but that is contradicted by the fact that Plaintiff's successor performed the same duties.

24.     In December 2024, Defendant presented Plaintiff with a Separation Agreement falsely stating she "voluntarily retired."

25.     Defendant conditioned payment of the promised bonus for which Plaintiff had already worked, on Plaintiff signing the false statement and waiving her legal rights.

26.     Plaintiff refused to sign because she did not voluntarily retire. Defendant refused to pay the bonus solely because Plaintiff declined to sign the agreement.

27.     Defendant's refusal to pay earned wages violates the WPCL.

28.     Not coincidentally, Plaintiff's forced "retirement" prevented her from fully vesting in her stock options.

## COUNT I
### ADEA -- 29 U.S.C. § 621 *et seq.*

29.     Plaintiff incorporates herein by reference and makes a part hereof the preceding paragraphs as fully as though the same were set forth herein at length.

30.     By reason of the foregoing, Plaintiff's termination couched as a "retirement" from employment, was in willful violation of the ADEA. Defendant though its agents and servants, was aware of the laws against age discrimination, Plaintiff's age and her rights, and of their obligations, yet they still willfully and intentionally discriminated against Plaintiff by terminating her employment because of her age.

30.     As a direct and proximate result of the foregoing, Plaintiff has suffered, continues to suffer, and will in the future continue to suffer from the losses and damages including a substantial loss of wages,  stock options, bonuses, earnings, and benefits, which losses are likely to continue for an indefinite time in the future and probably to the end of plaintiff's work life expectancy.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against New Healthworks, LLC, in  an amount to be determined at the time of trial plus interest, liquidated damages, statutory damages, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

## COUNT II
### PHRA – 43 P.S. § 951 *et seq.*

31.     Plaintiff incorporates herein by reference and makes a part hereof the preceding paragraphs as fully as though the same were set forth herein at length.

5

32.     By reason of the foregoing, Plaintiff's discharge from employment was due to defendants' willful, purposeful, outrageous, and intentional discrimination against her because of her age.

33.     As a direct and proximate result of the foregoing, Plaintiff has suffered, continues to suffer, and will in the future continue to suffer from the losses and damages set forth in in this Complaint.

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against New Healthworks, LLC, in an amount to be determined at the time of trial plus interest, liquidated damages, statutory damages, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

### COUNT III
### VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW 43 P.S. § 260.1 ET. SEQ

34.     Plaintiff incorporates herein by reference and makes a part hereof the preceding paragraphs as fully as though the same were set forth herein at length.

35.     Under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et. seq*., as amended, the term "wages" includes all earnings and compensation due an employee, including fringe benefits or wage supplements. 43 P.S. § 260.2 (a).

36.     By not timely compensating Plaintiff for the reasonable, fair value of her services and/or for the reasonable, fair value of the extra benefits conferred upon defendant, Defendants violated the WPCL.

37.     The WPCL also provides that, *inter alia*, liquidated damages in the amount of $500 or 25% of the total amount of the compensation/wages due, whichever is **greater**,

6

shall additionally be paid where the employer (including those individually liable under the WPCL) fails to timely pay an employee who is owed "wages" and no good faith contest or dispute of the wage claim exists. 43 P.S. § 260.10.

38.     At no time did Defendant act in good faith or have a legitimate, reasonable, or good faith basis for not compensating Plaintiff for at least the reasonable, fair value of the services he performed and/or the reasonable, fair value of the benefits he conferred upon defendant thereby, compensation that was earned by Plaintiff

39.     Section 260.9 (f) of the WPCL provides that the Court shall award plaintiff costs and reasonable attorney's fees of any nature, in addition to any judgment for "wages" and/or liquidated damages, same to be paid by defendants.  Under the WPCL, defendants are jointly and severally liable to plaintiff for his unpaid wages/compensation, interest, liquidated damages, and  counsel fees and costs.

WHEREFORE,  Plaintiff  demands  judgment  against New Healthworks, LLC, in in an amount in excess of $10,000, plus interest, liquidated damages, and attorney's fees and costs.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: July 2, 2026

_____
Robert J. Birch, Esquire
Id. 65816
PO Box 1133
North Wales, PA 19454
610-277-9700

7

## VERIFICATION

I, Doreen Bearden, hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

DATED: July 2, 2026

Doreen Bearden

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/08/2026

**To:** Doreen  J. Bearden
437 Dayton street
Phoenixville, PA 19460
**Re:** Doreen  J. Bearden v. New Healthworks Inc
Charge No: 530-2025-04766

EEOC    Representative    and
contact number:

Legal Unit
267-589-9707

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-04766.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
04/08/2026
Karen McDonough
Deputy Director

9